■ In the Matter of the Claim of EMMA GRACIE, Respondent, v. C. E. HAL-BACK COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from an award of death benefits upon the Workmen's Compensation Board's finding that there was causal relation between decedent's death and a heart attack 11 years before which had been found compensable, following which appellants eventually accepted an award therefor and paid compensation for some 523 2/6 weeks. Decedent, Robert Gracie, was an iron worker by trade. On April 10, 1950, while at his employment, he suffered a myocardial infarction. Vascular surgery eventually became necessary and decedent died 10 days after the operation on March 30, 1961. Appellants contest the finding of causal relation. In affirming the decision awarding death benefits to the claimant widow the board held "the claim of causally related death is based on medical testimony that at the time of the myocardial infarction sustained in 1950, there was an embolus which probably originated at the site of the myocardial infarction and occluded the left popliteal artery which, in turn, brought about the involvement of the legs, making surgery advisable to improve circulation to the legs, followed by surgery and post-operative myocardial infarction which was the immediate cause of death, and also on evidence that had the decedent not had the first myocardial infarction, he would have been better able to withstand the second and fatal myocardial infarction. In the presence of such evidence, it is the opinion and finding of the Board that the death on March 30, 1961 was causally related to the injury sustained on April 10, 1950." One physician found decedent's death the terminal event in a chain of connected events initiated by the first infarction and he testified, further, that he had no doubt that had decedent not sustained the first myocardial infarction that he would have been better able to withstand the second one, which he believed the "immediate" cause of death. Another physician, a specialist in cardiovascular disease, who treated decedent for some years before his death, reported that decedent "had a progressive unrelenting downhill course, since suffering the myocardial infarction in 1950" and testified "I think there is no question but that the myocardial infarction set off the chain of symptoms which led to the man's disability and eventual demise". Clearly, the medical evidence quoted is substantial and fully supports the determination. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PARRIE LEE WARREN, Appellant.— Motion for permission to proceed as a poor person granted, provided appeal has been timely taken. The appeal may be perfected upon one typewritten copy of the record and five typewritten copies of the brief. Abraham Streifer, Esq., of Kingston, New York, assigned to represent appellant upon this appeal. The application for an order directing the County Clerk of Ulster County to furnish appellant's counsel, without charge, a transcript of the stenographic minutes of the entire proceedings of the trial is referred to the County Court of Ulster County for disposition (Code Crim. Pro., § 456).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NEIL GERSHON, Appellant.— Motion to dismiss appeal granted on the ground that the Appellate Division does not have jurisdiction of the appeal herein (Code Crim. Pro., § 517).